09-2699-ag
Kujabi v. Holder

BIA
Weisel, IJ
A099 075 560

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

BALLA MUSA KUJABI,
> *Petitioner,*

> v.                                          09-2699-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Ronald S. Salomon, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Balla Musa Kujabi, a native and citizen of the Gambia, seeks review of a June 2, 2009, order of the BIA affirming the October 31, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel denying Kujabi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Balla Musa Kujabi*, No. A099 075 560 (B.I.A. June 2, 2009), *aff'g* No. A099 075 560 (Immig. Ct. N.Y. City Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.   Asylum and Withholding of Removal

As a preliminary matter, there is no merit in Kujabi's argument that the government "failed to demonstrate that there has been any fundamental change in country conditions in Gambia," as the government need not demonstrate a fundamental change in country conditions in the absence of a finding of past persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). Here, Kujabi does not challenge the agency's findings that he failed to establish past persecution.

Moreover, substantial evidence supports the agency's conclusion that Kujabi failed to demonstrate a well-founded fear of persecution. The agency found that: 1) Kujabi presented no evidence that his parents were persecuted in the Gambia; (2) the record did not support Kujabi's assertion that his father's political opinion would be imputed to him; and (3) Kujabi presented no evidence that his mother and six siblings who remained in the Gambia had

2

suffered any mistreatment at the hands of the Gambian government.  We are not persuaded by Kujabi's arguments that this analysis was erroneous.  *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir. 2007).

We find unavailing Kujabi's argument that because his testimony was credible, he necessarily established a well-founded fear of future persecution.  Although credible testimony alone *may* suffice to sustain an applicant's burden, it does not always.  *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).  Here, as the BIA noted, Kujabi provided no evidence that the Gambian government is, or is likely to become, interested in persecuting him. Moreover, although Kujabi argues that his claim is supported by country conditions evidence reporting that the Gambian government suppresses free political expression, Kujabi points to no evidence substantiating his claim that his father's political opinion would be imputed to him.  Rather, as the BIA found, Kujabi "has not indicated that he was in any way affiliated with his father's role as the head of the national intelligence branch in the Gambian government."

Kujabi further argues that the IJ erroneously found that the objective reasonableness of his fear was undermined because his mother and siblings still live unharmed in the Gambia.  We have held that when an asylum applicant's family members continue to live unharmed in an applicant's native country, an IJ may reasonably find that any well-founded fear is diminished.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n.2 (2d Cir. 1999).  Although Kujabi testified that he did not know whether his siblings are still living unharmed in the Gambia, because the BIA correctly noted that Kujabi provided no evidence that his similarly-situated siblings had suffered any harm, it was reasonable for the BIA to conclude that the objective reasonableness of Kujabi's fear of persecution had been diminished.  *See id*.; 8 U.S.C. § 1229a(c)(4)(B)(noting that the applicant bears the burden of proof to establish the elements of his claim).

Because Kujabi was unable to meet his burden to show he was eligible for asylum, he necessarily failed to meet the higher burden required for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II.  CAT Relief

To assess whether it is more likely than not that a petitioner would be tortured if returned to the country of removal, the agency shall consider all evidence regarding the possibility of future torture.  *See Shu Ling Ni v. Bd. of Immigration Appeals*, 439 F.3d 177, 179 (2d Cir. 2006); 8 C.F.R. § 1208.16(c)(3).

Contrary to Kujabi's argument that the IJ failed to separately analyze his CAT claim, the IJ found that because Kujabi "was never detained or harmed in the Gambia, and furthermore, that his siblings in the Gambia live unmolested with his mother, it is not clearly probable that [he] would be tortured if he returns to the Gambia." The BIA similarly determined that Kujabi failed to establish a likelihood of torture because he failed to demonstrate that "he will be tortured by or with the acquiescence . . . of the Gambian government."  Rather than address these findings, Kujabi argues that the agency failed to consider country conditions evidence which established the Gambia as a country where "torture is routinely practiced."  We have found, however, that an applicant must produce "particularized evidence" of a likelihood of torture, and that "generalized language culled from . . . State Department reports" is insufficient to establish that any alien who may be detained being returned is entitled to CAT relief.  *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158, 159-60 (2d Cir. 2005). Because Kujabi failed to present any specific evidence that he faces a likelihood of torture upon his return to the Gambia, the agency reasonably denied his request for CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk